THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. FRANCISCO CARRASQUILLO RIVERA and PAULINA NEGRÓN, Defendants and Appellants.

No. 8246. Submitted February 21, 1941.—Decided February 28, 1941.

*Virgilio Brunet* and *José L. Novas,* for appellants. *George A. Malcolm, Attorney General,* and *Angel C. Calderón,* Counsel for the Department of the Interior, for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The Heirs of Riera were the owners of a parcel of land situated in Puerta de Tierra, and in the year 1927, by virtue of an oral contract, they rented a lot of 155 square meters to Francisco Carrasquillo for $12 a month and fixing no set term of duration. Carrasquillo built a wooden house on said lot. In 1937, The People of Puerto Rico bought all the lands known as "Barriada Riera", to be used for public purposes, and by virtue of Act No. 177, approved on May 11, 1938 (Laws of 1938, page 360) ratifying Joint Resolution No. 20, approved on May 6, 1937, (Laws, 1936–37, page 581), it filed suit in the District Court of San Juan in eminent domain to expropriate the house built by the herein appellant. The case was heard and the court gave judgment on the complaint ordering the defendant Carrasquillo and his wife to pass title of the house to The People of Puerto Rico for $1,450 which was the just and reasonable value fixed by the court according to its appraisal of the evidence presented at the trial. The defendants, not agreeing with the judgment rendered, have appealed to this Court.

The only question involved in this appeal is the amount of the compensation and in regard to this, the appellants allege that the lower court committed three errors which may be summarized as follows: first, in holding that the lessor had the right to terminate the contract at the end of any month and that the plaintiff could have filed suit in unlawful detainer against the lessee, thereby ejecting him from the lot without having to compensate the defendants for the

value of the house; second, in holding that the valuation of the house was a mere act of liberality and that therefore, the method followed, that is, the cost of the same less its depreciation for use, was reasonable and they were given a just compensation; and third, in not awarding the defendants appellants the amount of $600 which they claimed for damages caused by the expropriation proceeding carried out by the plaintiff-appellee.

The first alleged error involves two different legal points: that considering as admitted that a monthly rental of $12.00 was paid and that the oral contract had no set term of duration, the court decided that the lessor could terminate the contract of lease at the end of any month. This does not admit of discussion in view of Section 1471 of the Civil Code (1930 ed.) which provides that if no term has been set for the lease, it is understood that it has been made for years when a yearly rental is paid and for months when a monthly rental is paid and for days when it is paid daily. See *Puig* v. *Soto,* 18 P.R.R. 130.

The second point is that which refers to the statement of the judge of the lower court in his opinion that the plaintiff-appellee might have proceeded in unlawful detainer against the lessee without having to pay him any compensation for the value of the house. The appellants maintain that according to the decisions of this Court in the cases of *Rivera* v. *Santiago,* 56 P.R.R. 361 and *Carrasquillo* v. *Ripoll,* 56 P.R.R. 301, the reasonings of the lower court in its opinion, in giving judgment on the complaint, in view of the decision of the case of *González* v. *Peña & Balbás,* 38 P.R.R. 640, are self evident. This Court has held several times that an appeal is given against a judgment and not against its reasonings, *Alcaide* v. *Morales et al.,* 26 P.R.R. 209; *Meunier Brothers* v. *Amill,* 25 P.R.R. 738; *Borrero* v. *Ubarri,* 33 P.R.R. 332; and, therefore, if the judgment in this case is correct and according to law, it cannot be reversed.

■■ In the cases of *Rivera* v. *Santiago* and *Carras-quillo* v. *Ripoll, supra,* it was held that houses built in good faith on another's land pass by accretion to the owner of the land but the transfer is not perfected until the owners comply with their obligation of refunding the builders the amount spent in the materials and the cost of the labor and also that proceedings for an unlawful detainer at sufferance do not lie against an owner of a house who built with the consent of the owner of the land and that the question should be decided in an ordinary action within which the rights of both parties may be decided, unless there is an agreement between the parties litigant in respect to the houses so built.

The case of *González* v. *Peña & Balbás, supra,* cited by the trial judge and which served as a basis for his conclusion that the plaintiff could have used the drastic proceedings of unlawful detainer and that when he chose the eminent domain proceedings and paid the required compensation it was a mere act of liberality on his part, as well as any other case which may uphold a doctrine different to that established in the cases of *Rivera* v. *Santiago* and *Carrasquillo* v. *Ripoll, supra,* must be considered as reversed.

The *Enciclopedia Jurídica Española,* Vol. 22, page 216, defines what improvements are in the following manner:

"The construction, works and additions made upon any building or property to improve it and in general anything done which augments this value.

"There are three classes of improvements: *necessary, useful* and *voluntary* . . ."

On page 217 it is stated that the useful improvements are: "Those made for improving the *light, comfort* and *sanitary condition* of a property."

The building of a house in another's land in good faith and with the consent of the owner of the land, whether it be under a lease contract or by mere tolerance cannot be considered as the useful or pleasure improvements referred

to by Section 416 of the Civil Code as applied in the case of *González* v. *Peña & Balbás, supra,* but on the contrary must be regulated by the provisions of Section 297 of the Civil Code (1930 ed.) as has been decided by this Court in the cases of *The People* v. *Municipality of San Juan,* 19 P.R.R. 625; *Succesion of Collado et al.* v. *Pérez et al.,* 19 P.R.R. 881; *King* v. *Fernández et al.,* 30 P.R.R. 550; *Ermita de Nuestra Señora, etc.* v. *Collazo,* 41 P.R.R. 594; *Berrocal* v. *Registrar,* 54 P.R.R. 501, and *Rivera* v. *Santiago, supra.* See also 3 Manresa, *Código Civil Español,* 203 *et seq.*

In the case of *Berrocal, supra,* it was stated by this Court in a succinct manner through its Associate Justice, Mr. De Jesús, that the doctrine applicable to the different questions that may arise in regard to the construction of a building on another's land are as follows: (page 505)

"Construction of a building upon a lot belonging to somebody else may present three different situations:

"1. It may be built by authority of or by virtue of a contract with the owner of the land.

"2. It may have been built acting in good faith.

"3. It may have been built acting in bad faith.

"In the first case, the builder retains ownership of the construction against the owner of the lot, and he can record his building in the Registry of Property; *in the second, the owner of the land does not acquire the building (Section 297, Civil Code) until he pays the indemnity specified in sections 382 and 383 of the same law;* in the third case, although he who builds in bad faith upon another's land loses what he has built according to section 298 of the Civil Code, yet he can choose to destroy the building and pay the damages, if it can be done without impairment of the property; and in that case the owner of the land does not acquire title to the building either. 3 Manresa, *Código Civil Español,* 1910 ed., p. 216." (Italics supplied.)

Even though the reasoning of the lower court was erroneous, the judgment must be affirmed because the appellants have no right to a compensation greater than that received since the valuation of the house in $1,450 based on the cost

of the materials and the labor less depreciation is amply · upheld by the evidence presented, as appears·from the testimony of the experts not only of the plaintiff but of the defendants-appellants.

As the errors assigned have not been committed, the judgment appealed from must be affirmed.